IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KAREN XIOMARA MANCIA AND ALMA GUEVARA,** § § § | |
| Plaintiffs, § | |
| v. § § | Civil Action No. **3:12-CV-2467-L** |
| **JJ CHAN FOOD, INC. d/b/a VIP BUFFET AND WEI JIE CHEN,** § § § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Entry of Final [Default] Judgment (Doc. 55), filed July 30, 2015. After considering the motion, record, and applicable law, the court **denies without prejudice** Plaintiff's Motion for Entry of Final [Default] Judgment (Doc. 55).

**I.   Background**

Plaintiffs Karen Xiomara Mancia ("Mancia") and Alma Guevara ("Guevara") (collectively, "Plaintiffs") brought this action on July 20, 2012, against Defendants JJ Chan Food, Inc. d/b/a VIP Buffet (collectively, "Defendants") for alleged willful retaliation, overtime, and minimum wage violations under the Fail Labor Standards Act ("FLSA"). Because the court has stricken Defendants' Answer and entered a default against them, the court accepts as true the well-pleaded allegations stated by Plaintiffs in their Amended Complaint with respect to their FLSA claims and concludes that Defendants willfully violated the FLSA by failing to pay Plaintiffs minimum wage and overtime pay as required under the statute.[*] In their Motion for Entry of Final [Default] Judgment ("Motion"),

---

[*] Plaintiffs' Motion for Entry of Final [Default] Judgment is based only on their overtime and minimum wage claims.

**Memorandum Opinion and Order– Page 1**

Plaintiffs seek an award of actual and liquidated damages in the amount of $90,661.25, plus an unspecified amount of attorney's fees and costs. This memorandum opinion and order addresses Plaintiffs' entitlement to damages. For the reasons that follow, the court concludes that Plaintiffs' evidence is insufficient to establish their entitlement to the amount of damages requested.

## II.     Analysis

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2d Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (internal quotation marks omitted). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993).

The FLSA establishes minimum wage and overtime compensation requirements for covered employers. *See* 29 U.S.C. §§ 206-07. "An employer who violate[s] these provisions [can] be held civilly liable for backpay, liquidated damages, and attorney's fees." *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516 (2014). The FLSA generally requires an employee to pay overtime compensation at a rate of one and one-half times the regular rate of pay to an employee after he or she has worked more than forty hours in one week. 29 U.S.C.A. § 207(a).

**Memorandum Opinion and Order– Page 2**

An employee who sues for unpaid overtime under the FLSA has the burden of proving that he or she performed work for which he or she was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds as explained in Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516-17 (2014). "When the employer has kept proper and accurate records the employee may easily discharge his [or her] burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises." *Id* at 687. In *Mt. Clemens*, the Supreme Court recognized that the solution to this problem " is not to penalize the employee by denying him [or her] any recovery on the ground that he [or she] is unable to prove the precise extent of uncompensated work," as this would reward the employer for failing to keep proper time records as required by the statute. The *Mt. Clemens* court held that, in such a situation:

> [A]n employee has carried out his [or her] burden if he [or she] proves that he [or she] has in fact performed work for which he [or she] was improperly compensated and if he [or she] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Mt. Clemens*, 328 U.S. at 687-88. A plaintiff is entitled to liquidated damages equal to the amount of unpaid wages for willful violations of the FLSA. 29 U.S.C.A. § 216(b). "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999).

**Memorandum Opinion and Order– Page 3**

Plaintiffs assert in their Motion that Defendants did not keep time records for them, and their requested damages are, therefore, based on their "best recollection" of their hours worked for which they were not properly compensated. Pls.' Mot. 3 n.1. Relying on *Mt. Clemens*, Plaintiffs assert that, while their affidavits are based on their "best recollection" of the amount and extent of their hours worked, they have met their burden and the court may award the damages requested even though such an award would be based on an approximation of their hours worked. *Id.*

The court agrees that *Mt. Clemens* authorizes the court to award damages to an employee based on an approximation of the hours worked when the employer fails to keep proper records. Additionally, as Defendants have been found to be in default, they cannot meet their burden under *Mt. Clemens* of coming forward "with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Mt. Clemens*, 328 U.S. at 687-88. There is no evidence, however, to support the assertion in Plaintiffs' Motion that "Defendants did not keep time records for either Plaintiff." Pls.' Mot. 3 n.1. There is no reference to this in Plaintiffs' pleadings or the affidavits filed in support of the Motion. Absent such evidence, the court concludes that Plaintiffs cannot rely on the burden shifting analysis in *Mt. Clemens* to satisfy their burden. The court, therefore, determines that Plaintiffs' "best recollection" and unsupported approximation is too slim a reed and insufficient to satisfy their burden of proving the number of hours that they worked. *See Luster v. Desoto Kwik Kar, Inc.*, No. 3:13-CV-0940-B, 2013 WL 6164294, at *3 (N.D. Tex. Nov. 20, 2013) (denying motion for default judgment in FLSA because the plaintiff's affidavit did not contain sufficient detail regarding the dates and hours worked or supporting documentation). Accordingly, Plaintiffs have not shown their entitled to the amount of damages requested.

**Memorandum Opinion and Order– Page 4**

### III.     Conclusion

For the reasons stated, the court **denies without prejudice** Plaintiff's Motion for Entry of Final [Default] Judgment (Doc. 55) and **directs** Plaintiffs to filed an amended motion for default judgment by **September 4, 2015**, that cures the deficiency herein noted.  Specifically, Plaintiffs' amended motion for default judgment must be accompanied by evidence that supports Plaintiffs' assertion that "Defendants did not keep time records for either Plaintiff." *Failure to comply with this order will result in the dismissal this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or comply with a court order.*

**It is so ordered** this 28th day of August, 2015.

*[signature]*
Sam A. Lindsay
United States District Judge