IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KAREN XIOMARA MANCIA AND ALMA GUEVARA,** § § § | | |
| Plaintiffs, § | | |
| v. § | | |
| § | Civil Action No. **3:12-CV-2467-L** | |
| **JJ CHAN FOOD, INC. d/b/a VIP BUFFET AND WEI JIE CHEN,** § § § | | |
| Defendants. § | | |

# MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's First Amended Motion for Entry of Final [Default] Judgment (Doc. 57), filed July 30, 2015. After consideration of the motion, record, and applicable law, the court **grants** Plaintiff's First Amended Motion for Entry of Final [Default] Judgment (Doc. 57).

## I.   Background

Plaintiffs Karen Xiomara Mancia ("Mancia") and Alma Guevara ("Guevara") (collectively, "Plaintiffs") brought this action on July 20, 2015, against Defendants JJ Chan Food, Inc. d/b/a VIP Buffet ("JJ Chan") and Wei Jie Chen ("Chen") (collectively, "Defendants") for alleged overtime and minimum wage violations under the Fair Labor Standards Act ("FLSA"). Because the court has stricken Defendants' Answer and entered a default against Defendants, the court accepts as true the well-pleaded allegations stated by Plaintiffs in their Amended Complaint with respect to their FLSA claims and concludes that Defendants willfully violated the FLSA by failing to pay Plaintiffs minimum wages and overtime as required under the statute. This memorandum opinion and order addresses Plaintiffs' entitlement to damages and attorney's fees under the FLSA.

**II.     Analysis**

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2d Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (internal quotation marks omitted). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993).

The FLSA establishes minimum wage and overtime compensation requirements for covered employers. *See* 29 U.S.C. §§ 206-07. "An employer who violate[s] these provisions [can] be held civilly liable for backpay, liquidated damages, and attorney's fees." *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516 (2014). The FLSA generally requires an employee to pay overtime compensation (at a rate of one and one-half times the regular rate of pay) to an employee after he has worked over forty hours in one week. 29 U.S.C.A. § 207(a). An employee who sues for unpaid overtime under the FLSA has the burden of proving that he or she performed work for which he or she was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds as explained in Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516-17 (2014). "When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where

the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises." *Id* at 687. In *Mt. Clemens*, the Supreme Court recognized that the solution to this problem " is not to penalize the employee by denying him [or her] any recovery on the ground that he [or she] is unable to prove the precise extent of uncompensated work," as this would reward the employer for failing to keep proper time records as required by the statute. *Id.* The *Mt. Clemens* court held that, in such a situation:

> [A]n employee has carried out his [or her] burden if he [or she] proves that he [or she] has in fact performed work for which he [or she] was improperly compensated and if he [or she] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Mt. Clemens*, 328 U.S. at 687-88.

In their First Amended Motion for Entry of Final [Default] Judgment ("Motion"), Mancia seeks an award of $24,128 and Guevara seeks an award of $66,533.25 for actual and liquidated damages under the FLSA. They seek to recover attorney's fees and costs. Plaintiffs assert that Defendants did not keep time records for them, and their requested damages are, therefore, based on their recollection of the hours they worked for which they were not properly compensated. Relying on *Mt. Clemens*, Plaintiffs assert that, while their affidavits are based on their recollection of the amount and extent of the hours they worked, they have met their burden and court may award damages even though the amount awarded will be based on an approximation.

Plaintiffs submitted evidence to support their assertion that Defendants did not keep time records for them. Plaintiffs also submitted evidence that Mancia was employed by Defendants as

a server and kitchen assistant from November 20, 2011, to July 6, 2012, and during this time she received no compensation whatsoever. Mancia states in an affidavit that, during this 32 week period of time, she worked an average of 48 hours. Mancia states that she is entitled to recover $9,280 for minimum wages ($7.25 x 40 hours x 32 weeks), plus $9,280 for liquidated damages, for a total amount of $18,560 in minimum wage damages. Mancia states that she is entitled to recover $2,784 for overtime damages ($10.875 per hour x 8 hours x 32 weeks), plus $2,784 for liquidated damages, for a total of $5,568 in overtime damages. Based on the foregoing, Mancia seeks an award totaling $24,128 against Defendants for actual and liquidated damages under the FLSA.

An affidavit by Guevara indicates that she was employed by Defendants as a server from June 15, 2011, to July 21, 2012, and received no compensation. Guevara states that she worked an average of 67 hours per week during this time period. Guevara states that she is entitled to recover $16,530 for minimum wages ($7.25 x 40 hours x 57 weeks), plus $16,530 for liquidated damages, for a total amount of $33,060 in minimum wage damages. Guevara states that she is entitled to recover $16,736.625 for overtime damages ($10.875 per hour x 8 hours x 57 weeks), plus $16,736.625 for liquidated damages, for a total of $33,473.25 in overtime damages. Based on the foregoing, Guevara seeks an award totaling $66,533.25 against Defendants for actual and liquidated damages under the FLSA.

The court determines that the damages requested by Plaintiffs are ascertainable from the Amended Complaint and the record. Accordingly, the court awards Mancia **$24,128** for actual and liquidated damages under the FLSA. The court awards Guevara **$66,533.25** for actual and liquidated damages under the FLSA.

### III.   Attorney's Fees and Costs

The issue of attorney's fees and costs is not addressed in Plaintiff's Motion. Accordingly, the court will decide this issue postjudgment.

### IV.   Conclusion

For the reasons herein stated, the court **grants** Plaintiff's First Amended Motion for Entry of Final [Default] Judgment (Doc. 57). Accordingly, the court hereby **orders** that default judgment be entered in favor of Mancia against Defendants, jointly and severally, in the amount of **$24,128** for damages; and that default judgment be entered in favor of Guevara against Defendants, jointly and severally, in the amount of **$66,533.25** for damages. Postjudgment interest on the total amounts of damages awarded to each Plaintiff shall accrue at the applicable federal rate of **.36 percent** from the date of entry of the judgment. The court will address the issue of attorney's fees postjudgment. Any request for attorney's fees must be filed in accordance with Federal Rule of Civil Procedure 54(d)(2). In accordance with Rule 58 of the Federal Rules of Civil Procedure, a final default judgment will issue by separate document.

**It is so ordered** this 4th day of September, 2015.

_____
Sam A. Lindsay
United States District Judge