IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAREN XIOMARA MANCIA and ALMA GUEVARA, | § § | |
| Plaintiffs, | § | |
| v. | § | No. 3:12-CV-2467-L (BF) |
| JJ CHAN FOOD, INC. d/b/a VIP BUFFET, and WEI JIE CHEN, | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Karen Xiomara Mancia's ("Mancia") and Alma Guevara's ("Guevara") (collectively, "Plaintiffs") Verified Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. § 216(b) [ECF No. 62] ("Motion for Attorney's Fees"). Pursuant to 28 U.S.C. § 636(b), Plaintiffs' Motion for Attorney's Fees was referred to the United States Magistrate Judge for proposed findings and recommendations for disposition of the motion. *See* Order of Reference [ECF No. 64]. For the reasons stated below, the undersigned respectfully recommends that the District Court GRANT in part and DENY in part Plaintiffs' Motion for Attorney's Fees [ECF No. 62].

## BACKGROUND

Plaintiffs filed this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq*. ("FLSA") alleging unpaid overtime, unpaid minimum wages, and retaliation. *See* Am. Compl. [ECF No. 7 at 2-7]. On September 4, 2015, the District Court entered its Memorandum Opinion and Order granting Plaintiffs' First Amended Motion for Entry of Final [Default] Judgment [ECF No. 57]. *See* Mem. Op. & Order [ECF No. 59]. The District Court ordered that default judgment be entered in favor of Mancia against JJ Chan Food, Inc. d/b/a VIP Buffet and Wei Jie Chen (collectively, "Defendants"), jointly and severally, in the amount of $24,128.00 for damages, and that default

judgment be entered in favor of Guevara against Defendants, jointly and severally, in the amount of $66,533.25 for damages. *See id.* [ECF No. 59 at 5]. On September 24, 2015, Plaintiffs filed their Motion for Attorney's Fees seeking $39,218.50 in attorneys' fees and $2,742.31 in costs and expenses. *See* Mot. for Att'y's Fees [ECF No. 62 at 3]. Defendants did not file a response.

## ANALYSIS

### Attorneys' Fees

"'The FLSA authorizes a prevailing party in an FLSA proceeding to recover costs and attorney's fees, and the award of attorney's fees . . . is mandatory.'" *Entizne v. Smith Moorevision, LLC*, No. 3:13-CV-2997-B, 2014 WL 1612394, at *3 (N.D. Tex. Apr. 22, 2014) (quoting *Bell v. Able Sec. & Investigations, Inc.*, No. 3:10-CV-1945-L, 2011 WL 2550846, at *3 (N.D. Tex. June 28, 2011); citing 29 U.S.C. § 216(b)). The District Court entered default judgment against Defendants in this case. *See* Mem. Op. & Order [ECF No. 59 at 5]. "A default judgment is a judgment on the merits that conclusively establishes the defendant's liability." *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987). Therefore, "Plaintiffs prevailed on their most significant issue[s] in the case: whether [Defendants] violated the FLSA by failing to pay them for [minimum wages and] overtime. . . . Accordingly, under *Hensley*, Plaintiffs are prevailing parties entitled to attorneys' fees." *Lucio-Cantu v. Vela*, 239 F. App'x 866, 868 (5th Cir. May 8, 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Fifth Circuit "'use[s] the lodestar method to calculate an appropriate attorney's fee award under the FLSA.'" *Black v. SettlePou, PC*, 732 F.3d 492, 502 (5th Cir. 2013) (quoting *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)). "Under this method, the court determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multiplies the two figures together

to arrive at the lodestar." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-CV-752-D, 2011 WL 487754, at *2 (N.D. Tex. Feb. 11, 2011) (internal quotation marks, alteration, and citations omitted).

Plaintiffs state that their attorneys expended a total of 113.7 hours and their legal assistant expended a total of 26.25 hours on this case. *See* Pls.' Mot. for Att'y's Fees [ECF No. 62 at 3]. Plaintiffs' attorneys' fee rates were as follows: $360.23/hour, on average, for J.H. Zidell; $390.00/hour for Robert Manteuffel; $230.00/hour for Niki Zhou; and $230.00/hour and $260.00/hour for Joshua Petersen. *See id.* [ECF No. 62 at 3]. The billing rate for legal assistant Rosa Owens was $90.00/hour. *See id.* [ECF No. 62 at 3]. The undersigned finds that the requested hourly rates ranging from $390.00/hour to $230.00/hour are reasonable and are within the market rates for attorneys handling this type of litigation in the Dallas area. *See Vanliner Ins. Co. v. DerMargosian*, No. 3:12-CV-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees); *Pineda v. JTCH Apartments, LLC*, 126 F. Supp. 3d 797, 803 (N.D. Tex. 2015) (finding reasonable the following hourly rates: J.H. Zidell at $350.00/hour; Robert Manteuffel at $350.00/hour; Niki Zhou at $200.00/hour; and Joshua Petersen at $230.00/hour). Upon review of legal assistant Rosa Owens' detailed billing descriptions, the undersigned finds that the tasks performed by Ms. Owens were tasks traditionally performed by paralegals. *See* Pls.' Ex. B [ECF No. 62-2 at 3]. The Court finds that $90.00/hour for work performed by Ms. Owens is reasonable in light of the fact that Courts in the Northern District of Texas have awarded rates of $100.00/hour or more for paralegal work. *See Rolex Watch USA, Inc. v. Mills*, No. 3:12-CV-61-L, 2012 WL 5903782, at *5-6 (N.D. Tex. Nov. 26, 2012) (awarding paralegal fees at $125.00/hour); *Pineda*, 126 F. Supp. 3d at 803 (finding reasonable legal assistant

Rosa Owens' $90.00/hour rate).

The undersigned calculates the lodestar as follows: 8.7 hours at a rate of $360.23/hour for J.H. Zidell ($3,134.00); 55.7 hours at a rate of $390.00/hour for Robert Manteuffel ($21,723.00); 23 hours at a rate of $230.00/hour for Niki Zhou ($5,290.00); 4.3 hours at a rate of $230.00/hour and 22 hours at a rate of $260.00/hour for Joshua Petersen ($6,709.00); and 26.25 hours at a rate of $90.00/hour for Rosa Owens ($2,362.50). *See* Pls.' Mot. for Att'y's Fees [ECF No. 62 at 3]. This brings the total fees to $39,218.50. *See id.* [ECF No. 62 at 3]. The undersigned finds that the time spent handling the various tasks in this matter as described in the submitted billing records was reasonable.[1] *See* Pls.' Ex. A [ECF No. 62-1 at 3-31]; Ex. B [ECF No. 62-2 at 3].

"There is a strong presumption of the reasonableness of the lodestar amount." *Black*, 732 F.3d at 502 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800). However, the Court must still "'consider whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the *Johnson* factors.'" *SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 2185193, at *1 (N.D. Tex. May 27, 2008) (quoting *Rutherford v. Harris Cty.*, 197 F.3d 173, 192 (5th Cir. 1999); citing *Hensley*, 461 U.S. at 434). The twelve *Johnson* factors are as follows: (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to properly perform the legal services; (4) the preclusion of other employment due to the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature

---

1. The undersigned notes that Plaintiffs represent to the Court that prior to May 1, 2014, "JAP" work entries in the Plaintiffs' billing records were actually performed by attorney Niki Zhou, not attorney Joshua Petersen. *See* Pls.' Mot. for Att'y's Fees [ECF No. 62 at 3 n.4]; Pls.' Ex. A [ECF No. 62-1 at 2-32].

and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Court "need not specifically discuss the *Johnson* factors where it has applied the *Johnson* framework." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009) (citing *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987)).

The undersigned notes that the District Court awarded Plaintiffs damages in the amount of $90,661.25. *See* Mem. Op. & Order [ECF No. 59 at 5]; *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) ("The Supreme Court has twice made clear that 'the most critical factor' in determining the reasonableness of a fee award . . . 'is the degree of success obtained.'" (citing *Farrar v. Hobby*, 506 U.S. 103, 114, (1992); *Hensley*, 461 U.S. at 436)). Furthermore, Plaintiffs' attorneys are experienced in litigating FLSA cases and they expended a significant number of hours on this case. *See id.* ("We have explained that, of the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." (citing *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990))). These considerations confirm the reasonableness of the lodestar calculation. Upon consideration of the *Johnson* factors, the undersigned finds that no adjustments to the lodestar are necessary. Therefore, Plaintiffs should be awarded $39,218.50 in attorneys' fees.

## Costs

Plaintiffs seek $2,742.31 in costs under Federal Rule of Civil Procedure ("Rule") 54(d) and 28 U.S.C. § 1920 ("Section 1920"). *See* Mot. for Att'y's Fees [ECF No. 62 at 11-14]. Rule 54(d)(1) provides that "costs--other than attorney's fees--should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Under Section 1920, the Court may tax as costs the following:

(1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828.

28 U.S.C. § 1920.

Plaintiffs seek $350.00 for the filing fee of their Complaint. *See* Mot. [ECF No. 62 at 11]. Plaintiffs are entitled to this fee of the Clerk under Section 1920(1). Plaintiffs also seek $548.25 for deposition costs and $588.93 for deposition transcript costs in connection with the deposition of Wei Jie Chen. *See id.* [ECF No. 62 at 12]. Plaintiffs submit the invoices from U.S. Legal Support for these services. *See* Pls.' Ex. C [ECF No. 62-3 at 28-29]. Plaintiffs are entitled to these fees incurred in connection with obtaining transcripts necessary for use in this case under Section 1920(2). *See Spear Mktg., Inc. v. Bancorpsouth Bank*, No. 3:12-CV-3583-B, 2016 WL 193586, at *13 (N.D. Tex. Jan. 14, 2016) ("28 U.S.C. § 1920 allows for fees for deposition costs necessarily obtained for use in the case."). Plaintiffs seek a total of $600.00 for interpreter services in connection with the deposition of Mancia. *See* Pls.' Mot. for Att'y's Fees [ECF No. 62 at 12]. Plaintiffs submit the invoices from Sino-U.S. Translating & Notarizing Company for these services. *See* Pls.' Ex. C [ECF No. 62-3 at 26-27]. Plaintiffs are entitled to these costs associated with the compensation of interpreters under Section 1920(6). Therefore, the requested $2,087.18 for the filing fee, transcript costs, and interpreter services is permitted under Section 1920.

Plaintiffs seek $60.00 for the service of process for each of the two Defendants. *See* Mot. for Att'y's Fees [ECF No. 62 at 12]. Plaintiffs also seek $104.50 for a subpoena served upon a records custodian. *See id.* [ECF No. 62 at 13]. Plaintiffs submit the invoices from U.S. Legal Support for

these services. *See* Pls.' Ex. C [ECF No. 62-3 at 30, 32]. Plaintiffs may be reimbursed for the costs of service that do not exceed the fees charged by the United States Marshal. *See Liberty Ins. Corp. v. Caterpillar, Inc.*, No. SA-13-CV-83-XR, 2014 WL 4999317, at *2 (W.D. Tex. Oct. 7, 2014) ("'The undersigned Judge has a routine practice of awarding costs for private process servers, but limiting the amount to the fee charged by the Marshal, which is currently $55.00.'" (quoting *Lear Siegler Servs v. Ensil Int'l Corp.*, No. SA-05-CV-679-XR, 2010 WL 2595185, at *2 (W.D. Tex. June 23, 2010))). *See also Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812-13 (11th Cir. July 7, 2014) ("Fees for private process servers may be taxed under section 1920(1) so long as they do not exceed the fees authorized by section 1921. . . . Before December 2008, service of process fees were taxed at '$45 per hour . . . .' Then, effective December 2008, the taxable rate for service of process increased to $55 per hour. . . . Regardless of the date of service, however, the district court applied a $55 per hour rate to all service of process fees. In doing so, the court approved a $55 award for an October 2008 service of process . . . an award that should have been capped at $45. Because that portion of the award was based on a clearly erroneous factual finding, the district court abused its discretion in awarding the full amount of service of process costs." (citing 28 C.F.R. § 0.114(a)(3); 28 U.S.C. § 1920; *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000))). "The allowable fee charged by a marshal was $55.00 . . . through October 29, 2013 . . . and $65.00 . . . after that date[.]" *Smith v. Chicago Transit Auth.*, No. 12-C-8716, 2015 WL 2149552, at *8 (N.D. Ill. May 6, 2015) (citing 28 C.F.R. § 0.114(a)(3)). The invoice from U.S. Legal Support, Inc. reflects a December 12, 2013 order date for the subpoena. *See* Pls.' Ex. C [ECF No. 62-3 at 30]. The case docket reflects that the service of process was executed on July 28, 2012 for the two defendants in this case. *See* Summons [ECF Nos. 10 & 11]. Therefore, under Section 1920, Plaintiffs may be

awarded $55.00 for service of process for each of the defendants and up to $65.00 for the service of the subpoena for a total of $175.00.

Plaintiffs state that they seek $50.00 for copies that were necessarily obtained for use in this case. *See id.* [ECF No. 62 at 13]. Any "costs for copies . . . must be demonstrated to have been 'necessarily obtained for use in the case[.]'" *Coach, Inc. v. Sassy Couture*, No. SA-10-CV-601-XR, 2012 WL 162366, at *13 (W.D. Tex. Jan. 19, 2012). Plaintiffs' submissions do not permit the Court to discern whether the copies were in fact necessarily obtained for use in the case. Therefore, Plaintiffs' request for $50.00 should not be permitted under Section 1920. Plaintiffs also seek $65.63 for various certified and regular mailing costs and submit documentation for these costs. *See* Mot. for Att'y's Fees [ECF No. 62 at 12-13]; Pls.' Ex. C [ECF No. 62-3 at 15-25]. Expenses such as "postage, facsimiles, long distance calls, and courier fees are not recoverable" under Section 1920. *Compton v. Taylor, P.C.*, No. H-05-4116, 2006 WL 1789045, at *3 (S.D. Tex. June 27, 2006) (citing 28 U.S.C. § 1920; *Embotelladora Agral Regiomontana v. Sharp Capital, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997)). Therefore, Plaintiffs' request for $65.63 in mailing costs should not be awarded under Section 1920. Plaintiffs also seek $315.00 for the certificate of non-appearance of Wei Jie Chen and submit the billing invoice from U.S. Legal Support. *See* Mot. for Att'y's Fees [ECF No. 62 at 12]; Pls.' Ex. C [ECF No. 62-3 at 31]. "[S]ection 1920 does not explicitly authorize certificates of non appearance[.]" *Canion v. United States*, No. EP-03-CA-347-FM, 2005 WL 2216881, at *3 (W.D. Tex. Sept. 9, 2005). Therefore, Plaintiffs should not be awarded the $315.00 under Section 1920. *See id.* ("Because these items are not authorized by statute . . . the Court reduces the bill of costs by . . . $83.00 for the certificate of nonappearance . . . ."). In sum, the requested $430.63 in costs for copies, mail, and the certificate of non-appearance should not be awarded under Section

1920.

The FLSA provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Texas District Courts have also determined that costs are also appropriately awarded to prevailing parties in FLSA cases as part of a reasonable fee." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 629-30 (W.D. Tex. 2015); *cf. Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) ("In Title VII cases, a district court has an additional source of authority for applying attorney's fees and costs . . . . This Court has interpreted the attorney's fee . . . to include reasonable out-of-pocket expenses . . . such as postage, photocopying, paralegal services, long distance telephone charges, and travel costs." (internal quotation marks and citations omitted)). "'Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award.'" *Hilton v. Exec. Self Storage Assocs., Inc.*, No. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (quoting *Quintanilla v. A&R Demolition, Inc.*, No. H-04-1965, 2008 WL 9410399, at *9 (S.D. Tex. May 7, 2008)). Upon consideration, the undersigned finds that the $49.50 in service fees that exceeded the allowable amounts under Section 1920, the $65.63 in postage costs for various mailings in this case, and the $315.00 for the certificate of non-appearance should be permitted as a part of the FLSA fee award. However, because Plaintiffs did not submit any documentation substantiating the $50.00 copying costs incurred in this litigation, the undersigned recommends that the District Court decline to award this expense under the FLSA. Therefore, the undersigned recommends that Plaintiffs be awarded a

total of $2,692.31 in costs pursuant to Section 1920 and the FLSA, which entails Plaintiffs' requested costs of $2,742.31 minus the $50.00 copying costs.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT in part and DENY in part** Plaintiffs' Motion for Attorney's Fees [ECF No. 62]. The undersigned recommends that the District Court award Plaintiffs $2,692.31 in costs and $39,218.50 in attorneys' fees.

**SO RECOMMENDED**, this 21ˢᵗ day of June, 2016.

```
_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).